# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARGIETTA BRELOVE,

          Plaintiff,

  v.                                                        Case No. 11-C-0660

CARGILL MEAT SOLUTIONS,
HR DEPARTMENT,
Holly, HR Manager,
MIKE BANTOMPO,
F.A.B. Manager,
JUSTIN WOODLEY,
Safety Manager, and
JERRY KARCZEWSKI,
General Manager,

          Defendants.

# DECISION AND ORDER

This matter comes before the Court on the response of the pro se Plaintiff, Margietta Brelove ("Brelove"), to the Court's letter which advised her that the file in this action contained no indication that she had served any of the Defendants. A brief summary of the action provides context for discussion of the service issue.

Brelove filed the above-captioned civil action on July 11, 2011, using this District's form Complaint. She did not complete the case caption, which provides space for the names of the parties, or the "parties" portion of the form. The verified Complaint states

that her employer, Defendant Cargill Meat Solutions ("Cargill"), discriminated against Brelove when it chose a male probationary employee for a promotion that she sought. The claim portion of the Complaint also discusses the HR Department, Holly, HR Manager; Mike Bantompo, F.A.B. Manager; Justin Woodley, Safety Manager; and Jerry Karczewski, General Manager.

The Court's file includes a notation stating that upon filing the Complaint, Brelove also received a service packet with instructions indicating how to effect service. In opening the action, the Clerk of Court listed the names contained in the claim portion of the Complaint as the Defendants.

On November 30, 2011, the Court sent a letter to Brelove stating that its records did not indicate that service had been made on any of the Defendants. On December 7, 2011, Brelove responded by filing a certified mail receipt dated July 16, 2011, addressed to Cargill. She also attached a United States Postal Service sales receipt, a summons form signed by a deputy clerk of court bearing the court's seal and the date the summons was issued, a notice of a lawsuit and request to waive service of a summons form, and a waiver of the summons form. Each form bears the case number and, with the exception of the summons as described, is otherwise a blank form.

Brelove's response discloses that she attempted to serve Cargill – a business entity. There is no indication that she attempted to serve any of the other Defendants. However, she may not have intended to name them as the Defendants.

2

With respect to Cargill, Brelove has failed to establish proper service. Rule 4(h)(1) of the Federal Rules of Civil Procedure explains that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" as follows:

> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant . . .

Rule 4(h)(1)(A), as set forth above, cites Rule 4(e)(1) of the Federal Rules of Civil Procedure, stating that service may be effected according to that provision.

Rule 4(e)(1) states that an individual may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

3

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

None of the foregoing federal rules provide for service by certified mail. *See Gharb v. Rockwell Automation*, No. 11-cv-405, 2011 WL 5373989, *2 (N.D. Ill. Nov. 4, 2011). There is also no indication that the summons was accompanied the Complaint as required by Rule 4.

In addition, if Brelove was attempting to serve Cargill under Wisconsin law, the relevant portions of § 801.11 of the Wisconsin Statutes are included in the footnote below.[1]

---

[1] Section 801.11 of the Wisconsin Statutes provides:

(1) Natural person. Except as provided in sub. (2) upon a natural person:

(a) By personally serving the summons upon the defendant either within or without this state.

(b) If with reasonable diligence the defendant cannot be served under par. (a), then by leaving a copy of the summons at the defendant's usual place of abode:

1. In the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof;

1m. In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons; or

2. Pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made.

(c) If with reasonable diligence the defendant cannot be served under par. (a) or (b), service may be made by publication of the summons as a class 3 notice, under ch. 985, and by mailing. If the defendant's post-office address is known or can with reasonable diligence be ascertained, there shall be mailed to the defendant, at or immediately prior to the first publication, a copy of the summons and a copy of the complaint. The mailing may be omitted if the post-office address cannot be ascertained with reasonable diligence.

(d) In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

4

Under Wisconsin law, service by mail is not an appropriate first means of service. *See* Wis. Stat. § 801.11(5) & (6). *See also*, *Geraci v. Everhart*, No. 09-C-433, 2009 WL 3446193, at *3 (E.D. Wis. Oct. 23, 2009).

At this juncture, Brelove has not established that she properly served any Defendant. In pertinent part, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

---

* * *

(5) Domestic or foreign corporations or limited liability companies, generally. Upon a domestic or foreign corporation or domestic or foreign limited liability company:

(a) By personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

(b) If with reasonable diligence the defendant cannot be served under par. (a), then the summons may be served upon an officer, director or managing agent of the corporation or limited liability company by publication and mailing as provided in sub. (1).

(c) By serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant.

* * *

(6) Partners and partnerships. A summons shall be served individually upon each general partner known to the plaintiff by service in any manner prescribed in sub. (1), (2) or (5) where the claim sued upon arises out of or relates to partnership activities within this state sufficient to subject a defendant to personal jurisdiction under s. 801.05(2) to (10).

5

The plaintiff bears the burden of showing good cause. *See Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). Once good cause is demonstrated, the district court is obligated to extend the time for service. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Even in the absence of a showing of good cause, this Court must consider whether a permissive extension of time for service is warranted under the facts of the case. *Id.* at 340-41.

Brelove proceeds pro se and attempted service upon Cargill, which may be the only Defendant she intends to involve in this action. Brelove also responded promptly to the Court's letter. Thus, the Court finds it appropriate to extend the time for Brelove to serve the Defendants until March 15, 2012. Brelove must file documents by March 30, 2012, indicating that service was effected upon on one or more Defendants by the extended deadline.

Brelove is advised that Civil Local Rule 41(a) (E.D. Wis.) provides:

> Where the plaintiff has not effected service of process within the time required by Fed. R. Civ. P. 4(m), and the defendant has not waived service under Rule 4(d), after 21 days' notice to the attorney of record for the plaintiff, or the plaintiff if pro se, the Court may enter an order dismissing the action without prejudice.

If Brelove does not comply with the Court's order, this action will be dismissed for failure to effect service.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The time for Brelove to serve the Defendants is **extended until March 15, 2012**,

**No later than March 30, 2012**, Brelove must file papers indicating that service has been properly effected upon on one or more Defendants by the extended deadline for service; and

Failure to comply with this Order will result in the dismissal of this action for failure to effect service.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**