**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

MARGIETTA BRELOVE,

        **Plaintiff,**

v.                                               Case No. 11-C-0660

**CARGILL MEAT SOLUTIONS,
HR DEPARTMENT,
Holly, HR Manager,
MIKE BANTOMPO,
F.A.B. Manager,
JUSTIN WOODLEY,
Safety Manager,
JERRY KARCZEWSKI,
General Manager, and
MARK GILL,[1]
QA "Tech" Manager,**

        **Defendants.**

## DECISION AND ORDER

        This matter filed by the pro se Plaintiff, Margietta Brelove ("Brelove") is before the Court because she has not effected proper service upon any Defendant. To recap the procedural status of this matter, Brelove filed the above-captioned civil action on July 11, 2011, using this District's form Complaint. She did not complete the case caption or the "parties" portion of the form. The verified Complaint states that her employer, Defendant Cargill Meat Solutions ("Cargill"), discriminated against Brelove when it chose a male probationary employee for a

---

[1] The Court has amended the case caption to add Mark Gill ("Gill"), QA ("Quality Assurance") "Tech" Manager as a Defendant.

promotion that she sought. The claim portion of the Complaint also discusses the HR Department; Holly, the HR Manager; Mike Bantompo ("Bantompo"), F.A.B. Manager; Justin Woodley ("Woodley"), Safety Manager; Jerry Karczewski ("Karczewski"), General Manager; and Gill. A notation in the Court's file indicates that Brelove received a service packet with instructions regarding how to effect service. In opening the action, the Clerk of Court listed the names contained in the claim portion of the Complaint, except that of Gill, as the Defendants.

On November 30, 2011, the Court sent a letter to Brelove stating that its records did not indicate that service had been made on any Defendant. On December 7, 2011, Brelove responded by filing a certified mail receipt dated July 16, 2011, addressed to Cargill. She also attached a United States Postal Service sales receipt, a summons form signed by a deputy clerk of court bearing the court's seal and the date the summons was issued, a notice of a lawsuit and request to waive service of a summons form, and a waiver of the summons form. Each form bears the case number and, with the exception of the summons as described, is otherwise a blank form. The Court has noted that Brelove's responses disclose that she attempted to serve Cargill – a business entity, and she may have attempted to serve named and unnamed Defendants by mail.

On January 17, 2011, the Court issued an Order stating that Brelove failed to establish proper service of Cargill, and outlining, in detail, how service must be effected. The Court also extended the time for Brelove to serve the Defendants until March 15, 2012, and

2

required that Brelove file documents by March 30, 2012, indicating that service was effected upon on one or more Defendants by the extended deadline. That Decision and Order also advised Brelove that Civil Local Rule 41(a) (E.D. Wis.) provides:

> Where the plaintiff has not effected service of process within the time required by Fed. R. Civ. P. 4(m), and the defendant has not waived service under Rule 4(d), after 21 days' notice to the attorney of record for the plaintiff, or the plaintiff if pro se, the Court may enter an order dismissing the action without prejudice.

The Court further indicated that if Brelove did not comply with the Court's order, this action would be dismissed for failure to effect service.

Thereafter, Brelove wrote the Court explaining that Defendants Holly, Woodley, Karczewski, as well as Dave Staffer, the Plant Manager; Amanda Locke, HR Manager for Hiring, and Gill, are no longer employed by Cargill or have been reassigned and therefore the 'address is undeliverable."

Despite the foregoing explanation, the fact remains that Brelove has not served any of the Defendants. Therefore, at this juncture, pursuant to Civil Local Rule 41(a), her action is dismissed without prejudice.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

This action is **DISMISSED WITHOUT PREJUDICE** for failure to effect service upon any Defendant, and;

3

The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 17th day of May, 2012.

         **BY THE COURT**

         _____
         **Hon. Rudolph T. Randa**
         **U.S. District Judge**